UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PETER A. HALL, II, | CASE NO. 1:19CV1727 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| vs. | |
| COMMISSIONER OF SOCIAL SECURITY, | OPINION AND ORDER |
| Defendant. | |

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court on Plaintiff's Objections (Doc. 20) to the Magistrate Judge's Report and Recommendation (Doc. 19) which recommended the Court affirm the Commissioner's decision to deny Plaintiff's claim for disability insurance benefits ("DIB") and supplemental security income ("SSI"). For the following reasons, the Court **ADOPTS** the Report and Recommendation and **AFFIRMS** the Commissioner's decision.

I. BACKGROUND FACTS

The following is a procedural synopsis of Plaintiff's claim. The Magistrate Judge's Report and Recommendation provides a more complete and detailed discussion of the facts. For a complete overview of Plaintiff's medical history, see the Magistrate Judge's Report and Recommendation, which refers to the original Complaint and incorporates all documents in relation to Plaintiff's claim.

The current matter involves Plaintiff's claims for DIB and SSI in June 2016 and July 2017, alleging a disability onset date of November 11, 2015. Plaintiff's claims were denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ") which was granted. The ALJ held a hearing on April 4, 2018. Both Plaintiff and a neutral vocational expert testified at the hearing. On August 1, 2018, the ALJ concluded that Plaintiff was not disabled. The Appeals Counsel denied Plaintiff's request for review on July 15, 2019, thus rendering the ALJ's decision the final decision of the Commissioner.

On July 30, 2019, Plaintiff timely filed the instant Complaint challenging the Commissioner's final decision, asserting that the "conclusions and findings of fact of the [Commissioner] are not supported by substantial evidence and are contrary to law and regulations and Social Security Rulings." (Doc. 1). On July 7, 2020, the Magistrate Judge issued his Report and Recommendation (Doc. 19). On July 20, 2020, Plaintiff filed his Objections to the Magistrate Judge's Report and Recommendation. (Doc. 20). Defendant filed a Response shortly thereafter. (Doc. 21).

## II. LAW & ANALYSIS

### A.   Standard of Review

When reviewing a magistrate judge's report and recommendation, a court make a *de novo* determination regarding the portions to which there are objections. 28 U.S.C. § 636(b)(1). In reviewing the Commissioner's decision however, the district court's review is not *de novo*. *Norman v. Astrue*, 694 F.Supp.2d 738, 740 (N.D. Ohio 2010). Instead, a district court determines whether the Commissioner applied the proper legal standards and whether substantial evidence supports the Commissioner's findings. 42

U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

'Substantial evidence' has been defined as "more than a mere scintilla" of evidence, *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003) but less than a preponderance of the evidence. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Thus, if the record evidence is of such a nature that "a reasonable mind might accept it as adequate support" for the Commissioner's conclusion, then the determination must be affirmed. *Wright*, 321 F.3d at 614. If such evidence exists, the district court should defer to the Commissioner's determination "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

A court's role "is not to resolve conflicting evidence in the record or to examine the credibility of the claimant's testimony." *Wright*, 321 F.3d at 614. Rather, courts "focus on whether substantial evidence supports the Commissioner's decision[.]" *Id.* at 615.

## B. The ALJ's Decision is Supported by Substantial Evidence

Plaintiff objects to the Report and Recommendation on one specific matter, that being the ALJ's treatment of Plaintiff's subjective symptoms. The Magistrate Judge recommended that the Court affirm the ALJ's subjective symptom analysis. According to the Magistrate Judge, the ALJ correctly identified the legal standard and supported her decision with substantial evidence.

Plaintiff objects, arguing that that ALJ's discussion of Plaintiff's daily activities is inaccurate and unsupported by the record. According to Plaintiff, the ALJ's decision mischaracterizes the testimony or relies on irrelevant evidence to Plaintiff's medical condition. The Court agrees with the Magistrate Judge.

Plaintiff's objections go to the ALJ's interpretation of the evidence. In doing so, Plaintiff faces an uphill battle. Courts afford an ALJ's credibility determinations great weight, so long as they are supported by substantial evidence. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525 (6th Cir. 1997). Here, Plaintiff does not argue that the ALJ's citations are incorrect; rather, he argues the ALJ provided evidence that doesn't paint the entire picture. But courts must affirm the Commissioner's decision if it is supported by substantial evidence, even if substantial evidence supports the opposite conclusion. This is so because ALJ's are afforded a 'zone of choice.' *Dooley v. Comm'r of Soc. Sec.*, 656 Fed. App'x 113, 121 (6th Cir. July 28, 2016). Here, the Court agrees with the Magistrate Judge, and finds that the ALJ operated properly within her zone of choice and supported her conclusions with substantial evidence.

There is no dispute that the ALJ applied the proper legal standard in analyzing Plaintiff's claim. And, as the entirety of her decision reflects, the ALJ supported her determination with accurate and substantial evidence. Accordingly, the Court must affirm the Commissioner's decision, even though substantial evidence may support Plaintiff's claim. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003).

- 5 -

### III. CONCLUSION

Based on the foregoing, the Court finds that the Plaintiff's Objections are without merit. Therefore, the Magistrate Judge's Report and Recommendation (Doc. 19) is **ADOPTED** and the Commissioner's denial of Plaintiff's claim is **AFFIRMED**.

**IT IS SO ORDERED.**

                                                 s/ Christopher A. Boyko
                                                 **CHRISTOPHER A. BOYKO**
                                                 **Senior United States District Judge**

**Dated: November 18, 2020**